UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEFFREY VINCE, Derivatively on Behalf of Nominal Defendant BIOVENTUS INC., <br><br> Plaintiff, <br><br> v. <br><br> KENNETH M. REALI, MARK L. SINGLETON, GREGORY O. ANGLUM, SUSAN M. STALNECKER, WILLIAM A. HAWKINS III, JOHN A. ARTHOLDSON, PATRICK J. BEYER, PHILLIP G. COWDY, MARY KAY LADONE, MICHELLE MCMURRY-HEATH, GUIDO J. NEELS, GUY P. NOHRA, DAVID J. PARKER, MARTIN P. SUTTER, and STAVROS G. VIZIRGIANAKIS, <br><br> Defendants, <br><br> and <br><br> BIOVENTUS INC., <br><br> Nominal Defendant. | Case No.: <br><br><br> MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL PORTIONS OF THE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT |

Plaintiff Jeffrey Vince ("Plaintiff"), through counsel and pursuant to Local Rule 5.4, respectfully submits this memorandum of law in support of his Motion to Seal Portions of the Verified Shareholder Derivative Complaint.

**I.  Background**

Plaintiff's Complaint, filed derivatively on behalf of Nominal Defendant Bioventus

1

Inc. ("Bioventus"), asserts violations of federal securities laws and breaches of fiduciary duties by officers and directors of Bioventus. Before filing this Complaint, Plaintiff made a demand for certain books and records of Bioventus pursuant to 8 *Del. C.* § 220 (the "Demand"), which allows for the inspection of corporate records by shareholders. In response to Plaintiff's Demand, Bioventus produced documents that consist of confidential internal business records (the "Section 220 Documents"). Given the sensitive nature of the Section 220 Documents, the parties entered into a Confidentiality Agreement, dated June 28, 2024 (the "Confidentiality Agreement"), to govern the production and handling of the Section 220 Documents.

Paragraph 1 of the Confidentiality Agreement states that "[f]or purposes of this Confidentiality Agreement, the Company may designate any such materials, or information within the materials, as constituting or containing 'Confidential Information' if the Company believes that such materials contain or reflect any non-public, confidential, proprietary, or commercially sensitive information."

Paragraph 2(a) of the Confidentiality Agreement then states that "any material designated Confidential Material shall be kept confidential by Stockholders and their counsel, and will not be disclosed, in whole or in part, to any third party by Stockholders or their respective agents, attorneys, or financial advisors."

Paragraph 2(c) of the Confidentiality Agreement provides that Plaintiff:

shall not be restricted from using any Confidential Information in any stockholder derivative action, provided that Stockholders shall take all legally available steps to file or lodge all pleadings and other submissions, including attachments or exhibits to pleadings or other submissions or portions thereof, that constitute or contain Confidential Information under

2

seal as required by the relevant Court rules.

As Plaintiff's Complaint cites several documents designated by Bioventus as Confidential Information, Plaintiff now moves to seal portions of the Complaint, in recognition of the proprietary nature of the included information, and in an effort to preserve the agreed-upon confidentiality of Bioventus' internal documents.

## II.     Legal Standard

When presented with a request to seal judicial documents, such as a complaint, "a district court must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). This Court has the inherent authority to place documents under seal in furtherance of the interests of justice. *See, e.g.*, *In re Request from Canada*, 155 F. Supp. 2d 515, 516 (M.D.N.C. 2001). Procedurally, the Court must: (1) give the public notice of the request to seal and a reasonable opportunity to challenge the requests; (2) consider less drastic alternatives to sealing; and (3) state on the record the reasons for its decision. *Id.*

Substantively, the Court must determine the source of the public's right of access to each document and weigh the public interest against the moving party's interest in confidentiality. The decision whether to grant or restrict access to judicial records or documents is "left to the sound discretion of the district court." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted). Pursuant to the Court's local rules, a party filing a motion to seal must: (i) state the reasons why sealing is necessary; (ii) explain why less drastic alternatives to sealing will not afford adequate protection; and (iii) identify the length of time for which sealing is sought. *See*

3

L.R. 5.4(b).

### III. The Court Should Seal Portions of the Complaint

   *a) Necessity*

Here, sealing of certain portions of Plaintiff's Complaint is necessary to ensure that the terms of the Confidentiality Agreement are upheld. In addition, the Complaint references Bioventus' sensitive commercial and business information. This information includes matters of corporate strategy, Board of Directors' meeting records and presentations, confidential internal reports, as well as reports from external consultants.

Courts in the Fourth Circuit have found protection of confidential business information to be valid basis for sealing documents. *Woven Elecs. Corp. v. Advance Grp., Inc.*, 930 F.2d 913 at *6 (4th Cir. 1991) ("One exception to the public's right of access is where such access to judicial records could provide a source of business information that might harm a litigant's competitive standing"); *See SmartSky Networks, LLC v. Wireless Sys. Sols., LLC,* 630 F. Supp. 3d 718, 733 (M.D.N.C. 2022) (finding that the public's interest was outweighed by the need to protect trade secrets and proprietary business information).

Bioventus has compelling reasons to keep this information confidential to avoid harm to itself and to its shareholders as it contains the contents of Board discussions and deliberations relating to key aspects of Bioventus' business, including its financial condition and projections. If this information were made publicly available, Bioventus would experience harm, as its competitors would have detailed information directly from the Board's discussions regarding Bioventus' business and strategies. This may give

4

Bioventus' competitors an unfair advantage over the Company. Thus, there is a need to keep portions of the Complaint under seal.

### b) *Availability of less drastic alternatives*

Sealing of the relevant portions of the Complaint is the minimum viable action sufficient to protect Bioventus' confidential business information. Each redacted paragraph contains reference to proprietary internal information that may harm Bioventus if it were to be disseminated; Plaintiff does not request that anything other than those allegations pulled directly from the confidential documents be redacted. Indeed, the requested redactions are minimal. *See* Hausler Declaration, ¶ 4. The remainder of Plaintiffs' allegations remain unredacted to the public.

Excluding the confidential information contained in the Section 220 Documents from the Complaint would render Plaintiff's Complaint significantly weaker. Allowing all such information to be publicly available, however, would cause substantial competitive harms to Bioventus. Therefore, permitting a small portion of the Complaint to be filed under seal constitutes the least restrictive means for Plaintiff to include relevant information from the confidential documents. Considering the importance of the confidential information, and the narrow tailoring of the redactions to those explicitly referencing or quoting the confidential documents, there is no less-drastic alternative to the requested relief.

### c) *Length of Time & L.R. 5.4(b)*

Due to the nature of the confidential information and the confidentiality agreement entered into between the parties, Plaintiff requests that the Complaint be sealed

permanently, rather than for a defined period.

Additionally, pursuant to Local Rule 5.4(b)(1)(b), Plaintiff affirms that he has not yet met and conferred with Defendant to discuss the L.R. 5.5 Report. Plaintiff, however, will attempt to meet and confer with Defendant within 10 days of the filing of the motion to seal after which the L.R. 5.5 Report will be filed. Plaintiff will likewise submit an L.R. 5.4 Checklist and Summary Chart to the assigned district judge's ECF mailbox within 3 business days of the filing of this instant Motion.

Respectfully submitted,

Dated: July 31, 2024

**HAUSLER LAW FIRM, PLLC**

*/s/ Kurt F. Hausler*
Kurt F. Hausler
NC Bar No.: 22103
524 East Boulevard
Charlotte, NC 28203
Telephone: (704) 247-3255
Email: khausler@hauslerlaw.com

**THE ROSEN LAW FIRM**
Phillip Kim
Erica L. Stone
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: philkim@rosenlegal.com
Email: estone@rosenlegal.com

*Counsel for Plaintiff*

## **LOCAL RULE 7.3(d)(1) CERTIFICATION**

The undersigned hereby certifies that this memorandum of law does not exceed 6,250 words and therefore complies with Local Rule 7.3(d)(1).

*/s/ Kurt F. Hausler*
Kurt F. Hausler

7

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses of the parties registered to the Court's CM/ECF system.

*/s/ Kurt F. Hausler*
Kurt F. Hausler